UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:22-cv-01457-SSS (MAA)** | Date: | **September 6, 2022** |
| Title | **Markein O. Vernon v. J. Larios et al.** | | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order Dismissing Complaint With Leave to Amend (ECF No. 1)

I.   INTRODUCTION

On August 18, 2022, Plaintiff Markein O. Vernon ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 28 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) On August 29, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF Nos. 2, 3, 5.)

The Complaint is filed against: (1) Officer M. Larios; (2) Sergeant J. Canedo; (3) Lieutenant Dion Arguilez, Incident Commander; and (4) Marcus A. Pollard, Warden of R.J. Donovan Correctional Facility ("RJD") at the time of the incident (each, a "Defendant," and collectively, "Defendants"; Defendants Canedo, Arguilez, and Pollard collectively are referred to as the "Supervisor Defendants"). (Compl. 5–7.)[1] Plaintiff alleges that on October 7, 2020, while he was incarcerated at RJD, Plaintiff was attacked by Inmate E. Smith. (*Id*. at 5.) Correctional officers subdued Plaintiff and Inmate Smith with an aerosol spray. (*Id*.) Plaintiff alleges that he was "proned out, cuffed, restrained and in the control of" Officer Larios and dependent on him for protection. (*Id*.) Inmate Lopez started attacking Plaintiff, punching him in the torso and face. (*Id*. at 6.) Plaintiff contends that the Supervisor Defendants are responsible for the actions of the officers and staff under their supervision. (*Id*. at 6–7.) Based on these allegations, Plaintiff asserts an Eighth Amendment deliberate indifference failure-to-protect claim (*id*. at 5) and seeks compensatory damages and proper retraining of staff (*id*. at 8.)

---

[1] Pinpoint citations to docketed documents reference the page numbers in the CM/ECF headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:22-cv-01457-SSS (MAA)**                                                               Date: **September 6, 2022**

Title   **Markein O. Vernon v. J. Larios et al.**

The Court has screened the Complaint and, for the reasons stated below, dismisses the Complaint with leave to amend.  Plaintiff must file a response to this Order, as set forth in pages 5–7 below, no later than **October 6, 2022**.

**II.   LEGAL STANDARD**

The Court is required to conduct a preliminary screening of any civil action brought by a prisoner, or in which a plaintiff proceeds *in forma pauperis*, and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).  Dismissal is proper only where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff.  *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

**III.   DISCUSSION**

   **A.   Eleventh Amendment Immunity**

The Complaint's second page is missing, so the Court does not know in what capacity Plaintiff is suing Officer Larios, Sergeant Canedo, and Lieutenant Arguilez.  (If Plaintiff files an amended complaint, he must ensure that all the pages of his complaint are included.)  The Complaint does specify that Warden Pollard is being sued only in his official capacity.  (Compl. 3.)  To the extent that Plaintiff sues any of the Defendants in their official capacity, suing a defendant in his or her official capacity is merely another way of suing the entity of which the defendant is an agent.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Because Defendants are all employed by RDJ, which is a part of the California Department of Corrections, the official capacity claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:22-cv-01457-SSS (MAA)**                                    Date: **September 6, 2022**

Title      **Markein O. Vernon v. J. Larios et al.**

against Defendants are treated as claims against the State of California.  *See Leer v. Murphy*, 844 F.2d 628, 631–32 (9th Cir. 1998) (explaining that a lawsuit against state prison officials in their official capacities was a lawsuit against the state).  Claims cannot be asserted against the State of California because the Eleventh Amendment prohibits federal courts from hearing suits brought against the State of California and immunizes the State of California from Section 1983 claims.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).  There are only three exceptions to Eleventh Amendment immunity, none of which appear to apply to the Complaint.  *See Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817–18 (9th Cir. 2001) (explaining that a state's Eleventh Amendment immunity only can be waived by a state, abrogated by Congress, or via the *Ex parte Young* doctrine for a suit against a state official seeking prospective injunctive relief).  For these reasons, the Eleventh Amendment appears to bar Plaintiff's claims against Defendants in their official capacities.  If Plaintiff files an amended complaint with claims against any Defendant in his or her official capacity, he will risk dismissal of such Defendants.

      **B.**     **Eighth Amendment Failure-to-Protect**

The Eighth Amendment requires prison officials to protect prisoners from violence at the hands of other prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (quoting *Farmer*, 511 U.S. at 833).  "The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference."  *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).  Deliberate indifference is met only if "the official is subjectively aware of a substantial risk of serious harm to an inmate and disregards that risk by failing to respond reasonably."  *Wilk*, 956 F.3d at 1147.  "Deliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Hearns*, 413 F.3d at 1040 (alterations in original) (citing *Farmer*, 511 U.S. at 835).  "A fact-finder may infer subjective awareness from circumstantial evidence."  *Wilk*, 956 F.3d at 1147.

      1.     Officer Larios

Here, the Complaint alleges that the Correctional Officers in charge of Plaintiff's safety knew

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:22-cv-01457-SSS (MAA)**                              Date: **September 6, 2022**

Title     **Markein O. Vernon v. J. Larios et al.**

of his Enhanced Outpatient Patient (EOP) status; that Officer Larios left Plaintiff vulnerable to attack by other inmates when he was handcuffed, prone on the floor, and in Officer Larios's control; and that inmate Lopez attacked Plaintiff while he was handcuffed and on the floor.  (Compl. 5–6.)  These allegations are insufficient to plead that Officer Larios acted with deliberate indifference.

"[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm . . . ."  *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007).  "Prison officials do not act recklessly in regards to an inmate's safety unless they are aware of a *specific threat* to an inmate and fail to act to prevent the attack."  *Struggs v. Marshall*, No. C-92-1499-JPV, 1993 U.S. Dist. LEXIS 7964, at *4 (N.D. Cal. May 28, 1993) (emphasis added).  Here, there are no allegations from which it reasonably could be inferred that Officer Larios was aware of a specific danger to Plaintiff and nonetheless regarded such danger.  The Complaint alleges that Officer Larios was aware of Plaintiff's EOP status, but does not allege why that would put Plaintiff at risk of harm and does not allege how Officer Larios disregarded such risk.  Indeed, the Complaint does not contain any factual allegations about Officer Larios—e.g., where he was in relation to Plaintiff and inmate Lopez, whether his back was turned or he was facing them, and whether he reacted to inmate Lopez's attack on Plaintiff, etc.  Thus, Plaintiff's Eighth Amendment failure-to-protect claim against Officer Larios is insufficient.  If Plaintiff files an amended pleading with this claim, he must correct these deficiencies or risk its dismissal.

      2.     <u>Supervisor Defendants</u>

There can be no liability under Section 1983 unless there is an affirmative link or connection between a defendant's actions and the claimed deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978).  Liability under Section 1983 cannot be established solely on a theory of *respondeat superior* based on the unconstitutional conduct of subordinates.  *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1998).  The requisite causal connection can be established when a person (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting *Johnson v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:22-cv-01457-SSS (MAA)**                                            Date: **September 6, 2022**

Title  **Markein O. Vernon v. J. Larios et al.**

*Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978)).  "Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, '[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'"  *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (alteration in original) (quoting *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011)).

      Here, the Complaint attempts to impose liability upon the Supervisor Defendants (Sergeant Canedo, Lieutenant Arguilez, and Warden Pollard) based upon the acts of their subordinates.  However, there are no factual allegations to support the reasonable inference that any of the Supervisor Defendants were culpable for inaction in supervision or control of their subordinates, acquiesced in Plaintiff's alleged constitutional deprivation, or showed a reckless or callous indifference to Plaintiff's rights.  *See Keates*, 883 F.3d at 1243.  The Complaint contains only conclusory allegations regarding the Supervisor Defendants, which is insufficient to state a claim against them.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citing *Twombly*, 550 U.S. at 555, 557)).  If Plaintiff files an amended pleading with the Supervisor Defendants, he must provide specific factual allegations of how each of these Defendants caused a deprivation of Plaintiff's constitutional rights, or risk their dismissal.

**III.   CONCLUSION**

      In light of the foregoing, the Court **DISMISSES** the Complaint with leave to amend.

      **Plaintiff is ordered to file a response to this Order, electing to proceed with one of the following options, by no later than October 6, 2022.**

- Option 1: File a First Amended Complaint

      Plaintiff may file a signed First Amended Complaint ("FAC") that cures the defects discussed in this Order.  Plaintiff is cautioned that if he continues to raise allegations in any amended complaint that fail to state a claim upon which relief can be granted, the Court likely will not order that the FAC be served on any defendant, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   **5:22-cv-01457-SSS (MAA)** | Date: **September 6, 2022** |
| Title   **Markein O. Vernon v. J. Larios et al.** | |

instead likely will recommend to the District Judge that the claims, which currently include the entire Complaint, be dismissed without further leave to amend.

Plaintiff is reminded to provide a short, plain statement of what happened, identify his claims against each defendant, and clearly describe each defendant's wrongful conduct.  Plaintiff should clearly identify each defendant being sued and the capacity in which Plaintiff is suing each defendant.  Plaintiff should state specific facts meeting the legal standard for each claim he is bringing.  **Plaintiff is encouraged to use the attached Central District civil rights complaint form when filing the amended complaint.**

Plaintiff is advised that an amended complaint supersedes the prior complaint.  This means that the filing of a FAC entirely supplants or replaces the original or any prior complaint, which is treated thereafter as nonexistent.  Thus, the FAC must be complete in itself including exhibits, without reference to the Complaint.  *See* C.D. Cal. L.R. 15-2.  Plaintiff must name all defendants and allege claims against each of them in one complaint.  Therefore, the FAC, if Plaintiff chooses to file one, must contain all claims Plaintiff intends to bring in this action against all defendants he intends to sue.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.

Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim.  Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action.  However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately likely will submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections.  *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:22-cv-01457-SSS (MAA)**                                Date: **September 6, 2022**

Title      **Markein O. Vernon v. J. Larios et al.**

- Option 2: Proceed with the Complaint

  Plaintiff may proceed with the Complaint in its current form.  To do so, Plaintiff must file a statement with the Court stating that he wishes to select Option 2 and request that the Court reinstate the Complaint, despite the infirmities described in this Order.

  Plaintiff is cautioned that, for the reasons detailed in this Order, the entire Complaint likely will be found to be insufficiently pled.  If Plaintiff selects Option 2, it will be viewed by the Court as the inability to cure the defects identified in this Order.  As such, the Court would recommend dismissal with prejudice of this lawsuit to the District Judge.  Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend, this case will be closed, and Plaintiff will not be able to assert this same claim in a new case.

- Option 3: Voluntary Dismissal

  Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a "strike" for purposes of the *in forma pauperis* statute, 28 U.S.C. § 1915(g).[2]  If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants, he voluntarily may dismiss this action or particular Defendants by filing a Notice of Dismissal in accordance with Rule 41(a)(1) (a dismissal form is attached).

**Plaintiff is cautioned that failure to respond to this Order may result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  See C.D. Cal. L.R. 41-1.**

**IT IS SO ORDERED.**

---

[2] Inmates who have accumulated three of more "strikes" are not permitted to bring a civil lawsuit or appeal a judgment in a civil action *in forma pauperis*—that is, without prepayment of the filing fee—unless the inmate is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Instead, inmates with three or more "strikes" generally must pay their full filing fee upfront in order to file a civil lawsuit or appeal a civil judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:22-cv-01457-SSS (MAA)**                                    Date: **September 6, 2022**

Title     **Markein O. Vernon v. J. Larios et al.**

Attachments
Notice of Voluntary Dismissal Form
Civil Rights Complaint Form (CV-66)